UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY LIGHTING, LLC,

               Plaintiff and Counter-defendant,          Case Number 21-10089
v.                                               Honorable David M. Lawson

REFRESCO BEVERAGES US, INC.,

               Defendant and Counter-plaintiff.

_____/

## OPINION AND ORDER DENYING MOTION TO TRANSFER VENUE

In this commercial sales dispute, defendant Refresco Beverages US asks the Court to transfer the case to the District of New Jersey.  The defendant, a Florida company, does not challenge personal jurisdiction or argue that venue is improperly laid in this district.  Instead, it argues that the dispute primarily concerns the installation of industrial lighting at one of its warehouses in New Jersey, and the federal court in that state would be more convenient for the parties and witnesses who have knowledge about the work done there.  But according to the plaintiff, the dispute also deals with installations at two locations in Pennsylvania, there also is a settlement agreement negotiated between lawyers in Florida and Michigan it seeks to enforce, and witnesses must travel some distance to testify no matter where the trial takes place.  Perhaps New Jersey may be a marginally more convenient place to try certain aspects of this lawsuit, but the defendant has not made a compelling case for transfer sufficient to upset the plaintiff's initial choice of forum.  The motion will be denied.

I.

Plaintiff Kimberly Lighting LLC is a Michigan company that installs, recycles, leases, evaluates, and makes recommendations on new lighting products and services.  Defendant

Refresco is a national bottler of branded beverages, incorporated in Georgia with its principal place of business in Florida.

Sometime last year, the parties entered into several contracts to install upgraded lighting at eight Refresco facilities which are located in Oklahoma, Florida, New Jersey, South Carolina, California, and two cities (Glen Mills and Aston) in Pennsylvania.  According to the amended complaint, Refresco still owes Kimberly money for the work done at the New Jersey and the two Pennsylvania locations.

Kimberly alleges that the work was completed at the three locations toward the end of 2020.  Refresco allegedly signed off on the completed work but refused to pay Kimberly.  Refresco says it has not paid because Kimberly failed to complete all the work and did not install the proper equipment.  The dispute prompted negotiations between the parties' representatives located in Michigan and Florida, communicating via email.

Kimberly alleges that the parties reached a settlement agreement in December 2020 for the work performed at the three locations.  The agreement called for Kimberly to perform the necessary work at the facilities and to conduct a walkthrough at the New Jersey facility to address whether any additional work needed to be performed, and Refresco would pay for the completed work.  It appears that a walkthrough inspection was performed in New Jersey by Kimberly's Michigan-based representative Doug Jenkins.  In an email dated December 9, 2020, counsel for Refresco confirmed that payment would be made per the resolution agreed upon.  However, Refresco denies that a formal settlement agreement ever took place.

Jenkins earlier had visited New Jersey to bid on the project.  On March 2, 2020, Kimberly quoted $122,621 to replace various lighting fixtures at that facility.  The work was completed by an installer, Wachter, Inc., which has a presence in New Jersey.

During the walkthrough of the facility, Kimberly discovered that 57 high bay lights that it delivered to Refresco (which Refresco confirmed it had received) were missing and could not be installed.  Kimberly issued Refresco a credit of $24,080 for those items.  Although all of the other work was completed, Refresco still has not paid Kimberly.  Kimberly asserts that Refresco owes $74,020.40 for the services and products provided.  Additionally, it contends that Refresco "accepted delivery, and took possession and control of, 112 high bay lights and 440 tubes valued at $37,096," but never paid for them and refuses to return them or to allow Kimberly to install them.  Finally, Kimberly alleges that Refresco owes at least $16,300 for the profit and lost rebates that Kimberly did not receive as a result of Refresco's refusal to allow Kimberly to install the products.

Refresco, however, believes that Kimberly is not entitled to any payment until it fully completes the work; it also determined that "some or all" of the high bay lights that Kimberly supplied were the incorrect wattage (165 watts instead of 180 watts), and the high bay lights that were the correct wattage failed to meet separate illumination requirements specified in Refresco's purchase order.

On January 29, 2021, Jenkins signed a document reflecting Kimberly's understanding of the scope of the uncompleted work for the high bay light installations in New Jersey.  After the parties attempted to negotiate the completion of the outstanding work, Kimberly indicated that it no longer agreed to complete the work on the project and issued a "credit memo" in the amount of $18,019 on March 5, 2021.  On March 18, 2021, Refresco issued a notice of default to Kimberly, declaring that Kimberly defaulted on the contract and demanding that it complete the project to avoid termination and the hiring of backup contractors.  Kimberly allegedly refused, and Refresco terminated the contract on March 23, 2021.

It appears that a dispute also arose over the separate contracts to install lighting at two of Refresco's Pennsylvania facilities.  That dispute also was the subject of negotiations.  According to the purported settlement agreement, Kimberly would perform the additional work at the Pennsylvania facilities by December 23, 2020 and upon completion, Refresco would make the outstanding payments by December 31, 2020.

Kimberly completed the work at Refresco's Pennsylvania facilities on December 26, 2020 (the three-day delay was due to a snowstorm, which prevented workers from getting to the site). In an email, Refresco expressed satisfaction with the completion of the work and indicated that it would forward payment to Kimberly.  Refresco's response to the initial complaint reflects its belief that this aspect of the dispute was resolved and any related claims were moot.  But Kimberly asserts in its amended complaint that, although it completed the project, Refresco only made partial payment and additional amounts remain outstanding.  Kimberly also contends that because of its reliance on Refresco's promises, it incurred an additional $5,862.96 in materials, costs, and expenses, and it seeks to recoup discounts that were conditioned on Refresco's timely payment under the parties' settlement agreement.

Kimberly filed its complaint in this Court on January 12, 2021, alleging fraudulent inducement, breach of contract, and unjust enrichment in separate counts for the New Jersey and Pennsylvania installations.  On March 30, 2021, Refresco filed a counterclaim alleging that Kimberly breached the parties' contract with respect to the work performed at the New Jersey facility and seeking a declaratory judgment that it need not pay Kimberly anything until Kimberly completes the project adequately.  Kimberly then amended its complaint, adding one count of conversion for the defendant's refusal to pay for the New Jersey lighting.  Refresco filed an

amended counterclaim, which added an allegation that Kimberly breached the parties' contract by failing to ensure that the lighting met the project's illumination requirements.

Refresco filed its motion to transfer venue on the same day it filed its counterclaim.

II.

The defendant asks the Court to transfer this case to the District of New Jersey under 28 U.S.C. § 1404(a).  A district court may transfer any civil case, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The Supreme Court instructs that "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

That "individualized" consideration requires an assessment of so-called private and public interests. *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  Private interest factors "include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if venue would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013) (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)).  Public interest factors include potential administrative problems resulting from court congestion, "the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* (quotations marks omitted).  However, it has been said that a plaintiff's choice of forum should

rarely be disturbed, and only a strong showing of inconvenience to a defendant would be enough to necessitate venue transfer. *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951).

One aspect of the "relative ease of access to sources of proof" is the convenience of witnesses. *Wayne Cnty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 974 (E.D. Mich. 2009). The defendant focuses most of its argument on this factor, which it confines to considerations raised in its counterclaim, and then only on issues relating to the New Jersey job. For that aspect of the claim, the parties identified four relevant witnesses by name: Refresco employees Rubin Hanssen and Norm Gallagher, who were witnesses to the New Jersey project; Refresco's director for indirect procurement, Mark Hillis, who lives in Florida; and Kimberly representative Doug Jenkins, who is based in Michigan. Kimberly contends that the inconvenience to Hanssen and Gallagher should be discounted because they are employed by Refresco and are presumed to appear voluntarily. *See Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1054 (N.D. Ill. 2012) (courts "are less concerned about the burden that appearing at trial might impose on witnesses who are . . . employees of parties, because it is presumed such witnesses will appear voluntarily.") (internal quotation marks and citation omitted). But in a reply, Refresco says that neither work for the company anymore, and Hanssen lives in New Jersey and Gallagher lives in New York. From that lineup, it appears that the convenience of Hillis is a nonfactor, which leaves the inconvenience of two witnesses having to travel west for trial versus one having to travel east. And that does not address the sources of proof for either of the Pennsylvania installations.

There are other witnesses who may be relevant, such as the installers from Wachter, Inc. But the parties have not mentioned them, and it is not clear how they may figure into the dispute. And of course there may be expert witnesses involved, who may have to conduct a site inspection in New Jersey (and perhaps in Pennsylvania) to address the question about conformity of the goods

delivered.  But no one has identified any experts, let alone where they might come from.  And experts generally are known to travel to give trial testimony.  (Some wags have even defined an expert as a witness from out of town, Evidence Rule 702 notwithstanding.).

In any event, the witness convenience factor does not tip the scales toward Refresco very much.

Other factors falling within the private interest category include the location of relevant documents and the relative ease of access to other sources of proof, which does not appear to favor either venue; the availability of process to compel the attendance of unwilling witnesses, which may impact Refresco if its former employees will not cooperate, although neither party cites that as a problem; and the forum's familiarity with the governing law.  *See Wayne Cnty. Emps. Ret. Sys.*, 604 F. Supp. 2d at 974.  On that last point, the contract governing the New Jersey job contains a choice-of-law provision specifying that Florida law will furnish the rules for decision.  That factor favors neither Michigan nor New Jersey, the defendant's preferred forum.

Another private interest factor — the relative means of the parties — slightly favors the plaintiff's choice of forum.  *See Actmedia, Inc. v. Ferrante*, 623 F. Supp. 42, 44 (S.D.N.Y. 1985) (finding plaintiff's status as "an established organization, operating nationwide" and defendant's status as a small business based in Oregon relevant factors in deciding a motion to transfer venue). Although the defendant has no facilities in Michigan, the plaintiff characterizes itself as a small Michigan company with relatively limited resources, while the defendant is a national corporation with facilities in several states.  Transferring the case to New Jersey could inconvenience Kimberly because, aside from the agreement made with Refresco, it does not have any ties to the state. Moreover, even if Refresco would be inconvenienced by this Michigan forum, shifting the

inconvenience from one party to another is not a reason to grant the motion to transfer.  *See Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002).

The public interest factors do not favor transfer, but they do not discourage it, either. Kimberly makes much of perceived court congestion in the District of New Jersey, citing case filing and disposition statistics that apparently do not account for the impact of senior judge contributions and judicial vacancies.  To be fair, it does appear that the per-judge load of pending civil matters is heavier in New Jersey than the Eastern District of Michigan.  But there is no reason to believe that the District of New Jersey would be incapable of expeditiously handling this relatively straightforward breach of contract action.

Nor is there any perceived "local interest" in having this controversy decided in either forum.  This is not a "localized controversy"; it is a dispute between a Michigan company and a Florida company with a national presence over work performed in two other states.  And although jurisdiction of this case is based on diversity of citizenship, at least one of the agreements has a Florida choice-of-law provision, so neither of the competing forums is one "that is at home with the law."  *Atl. Marine Const. Co.*, 571 U.S. at 63 n.6.

III.

When determining whether to transfer a lawsuit to another district, the plaintiff's choice of forum must be given some weight.  *Nicol*, 188 F.2d at 537.  The factors cited by the defendant are not sufficient to tip the balance in favor of a transfer of venue under 28 U.S.C. § 1404(a).

Accordingly, it is **ORDERED** that the defendant's motion to transfer venue (ECF No. 7) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 20, 2021